IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE NO. IRPI-GL-18-295, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. _____ |
| v. | § § § | |
| SUPERIOR NATIONWIDE LOGISTICS, LTD., LAZAVEON COLLINS, and EBONY COLLINS, | § § § § | |
| Defendants. | | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IRPI-GL-18-295 (hereinafter "Underwriters") file this Complaint for Declaratory Judgment against Defendants Superior Nationwide Logistics, Ltd. ("Superior"), Lazaveon Collins, and Ebony Collins (collectively, the "Defendants"), and in support thereof, state as follows:

**I.
NATURE OF THE ACTION**

1. Underwriters bring this claim for a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

2. This is an action for declaratory judgment arising out of an actual and existing controversy concerning the parties' rights, status, and obligations under an insurance policy issued by Underwriters to named insured Superior in connection with an underlying lawsuit filed on or about August 30, 2019, styled *Lazaveon Collins and Ebony Collins v. Superior Nationwide Logistics, Ltd.*, Cause No. 2019-62252, in the 164th District Court of Harris County, Texas

(hereinafter "Underlying Lawsuit").

3. Underwriters seek a declaration that they do not owe a duty to defend or indemnify Defendant Superior for the Underlying Lawsuit.

## II.
## PARTIES

4. Plaintiffs Underwriters are comprised of Liberty Syndicate 4472, which is a foreign insurance syndicate with its principal place of business at 20 Fenchurch Street, London, United Kingdom, EC3M 3AW. Liberty Syndicate 4472's sole member is Liberty Corporate Capital Limited, which is a limited company with its principal place of business at 20 Fenchurch Street, London, United Kingdom, EC3M 3AW.

5. Defendant Superior is a limited company organized under the laws of the State of Texas, with its principal place of business at 415 Moonshine Hill Road, Humble, Texas 77338-2598, and is therefore considered a citizen of Texas for diversity purposes. Superior may be served through its registered agent, Toby Allen Potter, 415 Moonshine Hill Road, Humble, Texas 77338-2598

6. Defendant Lazaveon Collins is an individual and a resident of Itta Bena, Mississippi, and is therefore considered a citizen of Mississippi for diversity purposes. Lazaveon Collins may be served at 302 Center Street, Itta Bena, Mississippi 38941, or wherever else he may be found.

7. Defendant Ebony Collins is an individual and a resident of Itta Bena, Mississippi, and is therefore considered a citizen of Mississippi for diversity purposes. Ebony Collins may be served at 302 Center Street, Itta Bena, Mississippi 38941, or wherever else she may be found.

## III.
## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is proper in this District and in this Division pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district and Superior resides in this judicial district.

## IV.
## FACTUAL BACKGROUND

**A.     The CGL Policy**

10. Underwriters, pursuant to Certificate No. IRPI-GL-18-295 (the "CGL Policy"), provide Commercial General Liability ("CGL") coverage to Superior for the period March 8, 2019 to March 8, 2020. Coverage is provided in the amount of $1,000,000 any one loss and $2,000,000 in the aggregate annually, subject to a $1,000 deductible.

11. Subject to its terms, exclusions, and conditions, the CGL Policy's Coverage A insuring agreement provides that Underwriters will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" that was caused by an "occurrence" during the policy period. Underwriters have a duty to defend the insured against any "suit" seeking covered damages, but do not have a duty to defend the insured against any "suit" to which the insurance does not apply.

**B.     The Underlying Lawsuit**

12. On or about August 30, 2019, the Underlying Lawsuit was filed by Lazaveon Collins and Ebony Collins (the "Collinses") against Superior. In the Underlying Lawsuit, the

Collinses allege that on or about August 16, 2019, Lazaveon Collins, while employed as a truck driver for MT Select, suffered injuries to his legs and other parts of his body while picking up a load of pipes at Superior's facility located in Humble, Texas.  The Collinses allege that the accident occurred as a result of a Superior employee loading the pipes in a negligent manner.

13. In the pleading in the Underlying Lawsuit, the Collinses assert that Superior is liable for the actions of its employee who was acting in the course and scope of his employment in furtherance of the business interests of Superior, and that Superior's conduct constitutes gross negligence.

14. Based upon the injuries alleged to Lazaveon Collins in the Underlying Lawsuit, Lazaveon Collins seeks damages in the form of physical pain and mental anguish in the past and future; lost earnings in the past and loss of future earning capacity; physical impairment in the past and future; physical disfigurement in the past and future; reasonable medical expenses in the past and future; and exemplary damages.  Further, Ebony Collins alleges that she has suffered loss of consortium and loss of services in the past, and will continue to suffer loss of consortium and loss of services in the future.

## V.
## CAUSE OF ACTION FOR DECLARATORY JUDGMENT

15. Underwriters incorporate by reference the allegations of all foregoing paragraphs of this Complaint.

16. Pursuant to the CGL Policy's Coverage A insuring agreement, the insurance applies only to those sums the insured becomes legally obligated to pay as damages because of "bodily injury" that was caused by an "occurrence" during the applicable policy period.  "Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."  "Occurrence" is defined as "an accident, including continuous or

repeated exposure to substantially the same general harmful conditions."

17. There is no coverage under the Coverage A insuring agreement of the CGL Policy pursuant to the "Employees of Independent Contractors Endorsement" which provides, in relevant part, that the coverage under the CGL Policy does not apply to: (1) "bodily injury," or any injury, loss or damage sustained by any employee of an independent contractor contracted by the insured or on the insured's behalf; and (2) "bodily injury," or medical payments arising out of operations performed for you by independent contractors or your acts or omissions in connection with your general supervision of such operations.  Lazaveon Collins asserts that he was an employee of MT Select at the time of the August 16, 2019 accident.  Pursuant to a Broker/Carrier Agreement between Superior and MT Select, dated October 26, 2018, MT Select was an independent contractor of Superior at the time of the August 16, 2019 accident.  Accordingly, the "Employees of Independent Contractors Endorsement" exclusion bars coverage under the CGL Policy and Underwriters owe no duty to defend or indemnify Superior for the Underlying Lawsuit.

18. In addition, coverage under the Coverage A insuring agreement of the CGL Policy is limited, either in whole or in part, pursuant to the following provisions: (a) the Classification Limitation Endorsement; (b) the Aircraft, Auto or Watercraft exclusion; (c) the Employees, Leased Workers or Volunteers Endorsement; (d) the Limitation of Coverage to Designated Premises or Project Endorsement; and (e) the Employer's Liability exclusion.

19. Based on the allegations in the Collinses' pleading, there is no coverage available for the claims asserted in the Underlying Lawsuit under the CGL Policy.  Therefore, an actual, justiciable controversy exists between the parties.

20. Underwriters seek a judicial declaration that because there is no coverage available under the CGL Policy, Underwriters have no duty to defend or indemnify Superior under the CGL

Policy in connection with the Underlying Lawsuit.

## VI.
## RELIEF REQUESTED

Plaintiffs Underwriters respectfully request that judgment be entered in their favor and against Defendants:

(1) Declaring that the above-referenced CGL Policy provides no policy benefits for the claims against Superior in the Underlying Lawsuit;

(2) Declaring that Underwriters are under no obligation to provide a defense to Superior in connection with the Underlying Lawsuit or any other lawsuit filed in connection with the incidents that are the basis of the Underlying Lawsuit;

(3) Declaring that Underwriters are under no obligation to indemnify Superior in connection with the Underlying Lawsuit or any other lawsuit filed in connection with the incidents that are the basis of the Underlying Lawsuit; and

(4) Awarding Underwriters their costs, attorneys' fees, and all other just and proper relief to which they may be entitled.

Respectfully submitted,

By:    */s/ Ashley F. Gilmore*
      Ashley F. Gilmore
      Attorney-in-Charge
      State Bar No. 50511704
      Southern District Bar No. 1111052
      ashley.gilmore@wilsonelser.com
      WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
      901 Main Street, Suite 4800
      Dallas, TX 75202-3758
      Telephone:  214-698-8000
      Facsimile:  214-698-1101

**ATTORNEY FOR PLAINTIFFS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE NO. IRPI-GL-18-295**