IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE NO. IRPI-GL-18-295, §§§§§ | |
| Plaintiffs, § | Civil Action No. 4:20-CV-00376 |
| v. §§ | |
| SUPERIOR NATIONWIDE LOGISTICS, LTD., LAZAVEON COLLINS, and EBONY COLLINS, §§§§ | |
| Defendants. | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT,

COME NOW Plaintiffs Certain Underwriters at Lloyd's London Subscribing to Certificate No. IRPI-GL-18-295 ("Underwriters") and Defendant Superior Nationwide Logistics, Ltd. ("SNL") (collectively, the "Parties"), and pursuant to the Court's February 4, 2020 Order for Conference and Disclosure of Interested Parties (Doc. 3), submit this Joint Discovery/Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

   The conference among the parties was held telephonically on March 26, 2020. The counsel who attended were:

<u>For Plaintiffs Underwriters</u>
Ashley F. Gilmore
State Bar No. 50511704
Southern District of Texas Bar No. 1111052
ashley.gilmore@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214)698-1101

<u>For Defendant Superior</u>
Travis M. Brown
State Bar No. 24046885
Southern District of Texas Bar No. 1023852
tbrown@cokinoslaw.com
COKINOS | YOUNG
800 Crestview Tower
105 Decker Court
Irving, Texas 75062
Telephone: (817) 635-3600
Fax: (817) 635-3633

Plaintiffs Underwriters have not yet been able to complete service on Defendants Lazaveon Collins and Ebony Collins (the "Collinses"), but are actively continuing the service attempts. Accordingly, the Collinses have not yet appeared in this action and thus did not participate in the conference among the parties.

**2.   List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

This case is a declaratory judgment action concerning potential insurance coverage for the underlying lawsuit styled *Lazaveon Collins and Ebony Collins v. Superior Nationwide Logistics, Ltd.*, Cause No. 2019-62252, in the 164th District Court of Harris County, Texas (the "Underlying Lawsuit").

**3.   Briefly describe what this case is about.**

This case is an insurance coverage dispute. The Collinses sued Superior in the Underlying Lawsuit. SNL seeks defense and indemnity coverage for the Underlying Lawsuit under the Commercial General Liability Policy No. IRPI-GL-18-295 that Underwriters issued to SNL for the policy period from March 8, 2019 to March 8, 2020 (the "Policy"). Underwriters are currently providing a defense to SNL for the Underlying Lawsuit, subject to their reservation of rights under the Policy. In this action, Underwriters seek a declaration that they do not have a duty to defend or indemnify SNL with respect to the Underlying Lawsuit. SNL has answered Underwriters' Complaint and

filed a counterclaim seeking a declaration that Underwriters owe SNL a duty to defend the Underlying Lawsuit and that the issue of Underwriters' duty to indemnify is not yet ripe for adjudication.

**4.   Specify the allegation of federal jurisdiction.**

This is a declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.  This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**5.   Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

None.

**6.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Parties do not anticipate adding any other parties at this time.

**7.   List anticipated interventions.**

The Parties do not anticipate any interventions at this time.

**8.   Describe class-action issues.**

This case does not present any class-action issues.

**9.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties have agreed to exchange the Rule 26(a) initial disclosures by April 24, 2020.

**10.  Describe the proposed agreed discovery plan, including:**

    **a.   Responses to all the matters raised in Rule 26(f).**

        **(A)   what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

> The Parties do not request any changes with respect to the Rule 26(a) initial disclosures and have agreed to make the initial disclosures by April 24, 2020.

**(B)    the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

> The Parties anticipate that discovery may be needed regarding the Collinses' claims in the Underlying Lawsuit, the facts surrounding the incident that allegedly caused Mr. Collins' alleged injuries, and the relationships among SNL, Mr. Collins, and Mr. Collins' alleged employer, MT Select. The Parties do not think that the discovery needs to be phased or limited to or focused on particular issues. At this time, the Parties anticipate that discovery should be completed by February 15, 2021.

**(C)    any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

> At this time, the Parties do not believe this case presents any unique issues with respect to electronically stored information.

**(D)    any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

> At this time, the Parties do not think that this case presents any unique issues with respect to claims of privilege or requires entry of an order under Federal Rule of Evidence 502. The Parties will reassess this issue as discovery progresses.

**(E)    what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

> The Parties do not think that any changes are necessary at this time.

**(F)    any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

> The Parties do not request issuance of any orders at this time.

b. **When and to whom the plaintiff anticipates it may send interrogatories.**

Underwriters anticipate that they may send interrogatories to SNL and the Collinses and that such interrogatories can be served by May 15, 2020.

c. **When and to whom the defendant anticipates it may send interrogatories.**

SNL anticipates that it may send interrogatories to Underwriters and the Collinses and that such interrogatories can be served by May 15, 2020.

d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Underwriters do not anticipate taking any oral depositions at this point, but reserve the right to reassess the need for oral depositions as discovery progresses.

e. **Of whom and by when the defendant anticipates taking oral depositions.**

SNL does not anticipate taking any oral depositions at this point, but reserves the right to reassess the need for oral depositions as discovery progresses.

f. (i) **Specify the date experts for plaintiff (or the party with the burden of proof on an issue) will be designated and their reports provided to the opposing party.**

October 1, 2020.

(ii) **Specify the date experts for defendant will be designated and their reports provided to opposing party.**

November 2, 2020.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

Underwriters anticipate taking the depositions of any experts designated by another Party and that such depositions will be completed by January 29, 2021.

h. **List expert depositions the defendants (or opposing party) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Superior anticipates taking the depositions of any experts designated by another Party and that such depositions will be completed by January 29, 2021.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The Parties are in agreement on the proposed discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None to date.

13. **State the date the planned discovery can reasonably be completed.**

    February 15, 2021.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Parties discussed potential resolution options, but do not think a settlement is possible at this point given that this case presents questions of law.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The Parties discussed promptly filing cross-motions for summary judgment once necessary discovery is completed. SNL filed a 12(b)(6) and 12(b)(1) Motion to Dismiss contemporaneously with its answer and counterclaim.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

    The attorneys have discussed alternative dispute resolution options with their respective clients. Because this case presents questions of law, the Parties think that formal alternative dispute resolution would not be productive at this point. However, the Parties are conferring through counsel regarding their respective factual and legal positions and whether an agreement can be reached on certain issues. The Parties further agree that as this litigation progresses, they will reassess whether a mediation is appropriate.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties do not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made.

**19.** **Specify the number of hours it will take to present the evidence in this case.**

At this time, the Parties anticipate that this case likely can be resolved through motions for summary judgment. If a trial becomes necessary, the Parties anticipate it will take 16-24 hours to present the evidence.

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21.** **List other pending motions.**

SNL's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6), filed on March 30, 2020.

**22.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23.** **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

Underwriters filed their Certificate of Interested Parties (Doc. 2) on February 3, 2020.

SNL has not yet filed its Certificate of Interested Parties, but will do so.

**24.** **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

By: */s/ Ashley F. Gilmore*
Ashley F. Gilmore, Attorney-in-charge
State Bar No. 50511704
Southern District Bar No. 1111052
ashley.gilmore@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214) 698-1101
**Attorney for Plaintiffs**

By:  */s/ Travis M. Brown*
Patrick J. Wielinski, Attorney-in-charge
State Bar No. 21432450
Southern District of Texas Bar No. 10037
Travis M. Brown
State Bar No. 24046885
Southern District of Texas Bar No. 1023852
Amy Rauch
State Bar No. 24091233
Southern District of Texas Bar No. 2951255
COKINOS | YOUNG
800 Crestview Tower
105 Decker Court
Irving, Texas 75062
Telephone: (817) 635-3600
Fax: (817) 635-3633
Email: pwielinski@cokinoslaw.com, tbrown@cokinoslaw.com, arauch@cokinoslaw.com
**Attorneys for Defendant Superior Nationwide Logistics, Ltd.**