Case 4:20-cv-00376   Document 23   Filed on 02/07/21 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
February 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE NO. IPRI-GL-18-295, | § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | No. 4:20-CV-00376 |
| SUPERIOR NATIONWIDE LOGISTICS, LTD., LAZAVEON COLLINS, and EBONY COLLINS, | § § § § § | |
| *Defendants.* | § § | |

## **REPORT AND RECOMMENDATION**

Pending before the Court[1] is Defendant Superior Nationwide Logistics, Ltd.'s ("SNL") Motion to Dismiss. ECF No. 9.[2] This case involves an insurance coverage dispute between Plaintiffs Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IRPI-GL-18-295 ("Plaintiffs" or "Underwriters"), and Defendant SNL, their insured. SNL seeks dismissal of Plaintiffs' declaratory judgment action,

---

[1] The pending motion was referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). Order, ECF No. 13.

[2] The Plaintiffs filed their response in opposition to the motion to dismiss. ECF No. 16. Defendant filed its reply. ECF No. 20. Defendant also filed a notice of an amended petition and the amended petition. ECF Nos. 21 & 22.

1

asserting that Plaintiffs failed to state a claim because they have a duty to defend it in an underlying state court lawsuit and Plaintiffs' claim regarding its duty to indemnify SNL for any damages it is ultimately liable for in that lawsuit is not yet ripe. *Id.* After reviewing the record, the parties' arguments, and the applicable law, the Court concludes that the motion to dismiss should be **GRANTED**.

## I.
## FACTUAL BACKGROUND

Plaintiffs issued a Commercial General Liability coverage insurance policy (the "Policy") to SNL in effect for the relevant period, March 8, 2019 to March 8, 2020. ECF No. 1 at 3, Policy, ECF No. 9-2. Plaintiffs dispute coverage of the claims asserted against SNL in an underlying state court action, *Lazaveon Collins and Ebony Collins vs. Superior Nationwide Logistics,* Cause No. 2019-62252, pending in the 164th Judicial District Court, Harris County, Texas ("the Underlying Lawsuit").[3] ECF No. 1 at 3–4, Orig. Pet., ECF No. 9 at 1–2; First Am. Pet., ECF No. 22.[4] According to Plaintiffs, the Underlying Lawsuit falls within an exclusion

---

[3] The Plaintiffs in the Underlying Lawsuit are named as co-defendants in this action.

[4] Specifically, Plaintiffs' complaint seeks a declaratory judgment, declaring that (1) the Policy provides no policy benefits for the claims against SNL in the Underlying Lawsuit; (2) Plaintiffs are under no obligation to provide a defense to SNL in connection with the Underlying Lawsuit or any other lawsuit filed in connection with the incidents that are the basis of the Underlying Lawsuit; (3) Plaintiffs are under no obligation to indemnify SNL in connection with the Underlying Lawsuit or any other lawsuit filed in connection with the incidents that are the basis of the Underlying Lawsuit; and Plaintiffs also seek their costs and attorneys' fees. ECF No. 1 at 6. SNL filed a counterclaim against Plaintiffs, asking the Court for a declaratory judgment that Plaintiffs owe a duty to defend SNL for the claims asserted against SNL in the Underlying Lawsuit; and that Plaintiffs' duty to indemnify is not ripe for adjudication. ECF No. 8 at 7.

of the Policy. ECF No. 1 at 4–5. Defendant SNL filed a counterclaim for declaratory judgment, asserting that Plaintiffs have a duty to defend under the "eight-corners" rule and cannot rely on extrinsic evidence to establish that the claims fall under an exclusion because the underlying claims allege no facts that implicate that exclusion. Answer & Counterclaim, ECF No. 8.

In the Underlying Lawsuit, Lazaveon Collins alleges he was injured at the SNL facility located in Humble, Texas on August 16, 2019. Orig. Pet., ECF No. 9-1 at 4. Mr. Collins alleges he was employed as a truck driver for MT Select, and was picking up a load of pipes at the SNL facility at the time of the incident. *Id*. According to Mr. Collins, the accident occurred as a result of an SNL employee's negligence, who used unsafe loading procedures. *Id*. Consequently, Mr. Collins filed the Underlying Lawsuit against SNL to recover damages for his injuries. ECF No. 9-1 at 6.[5] In the state court petition and amended petition, Mr. Collins asserts that SNL is liable for the negligent actions of its employee who was acting in the course and scope of his employment in furtherance of SNL's business. Orig. Pet., ECF No. 9-1 at 5; First Am. Pet. ECF No. 22 at 4-5.[6]

---

[5] Mr. Collins seeks damages for physical pain, mental anguish, lost earnings, physical impairment, physical disfigurement, reasonable medical expenses, and exemplary damages

[6] Ordinarily, courts cannot consider materials outside the pleadings in deciding a Rule12(b)(6) motion. However, when they "are central to the plaintiff's claims and are referred to in the plaintiff's complaint," courts may consider such material. *Evanston Ins. Co. v. Tonmar, L.P.*, 669 F.Supp.2d 725, 730 (N.D. Tex. 2009) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). Because the insurance policy and the pleadings from the Underlying Lawsuit

The Policy provides coverage to SNL in the amount of $1,000,000 for any one loss and $2,000,000 in the aggregate annually subject to a $1,000 deductible. ECF No. 1 at 3; Policy, ECF No. 9-2 at 2. Subject to its terms, exclusions, and conditions, the Policy provides that Plaintiffs will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" that was caused by an occurrence during the policy period. Policy, ECF No. 9-2 at 4.

According to Plaintiffs, they have a duty to defend the insured against any "suit" seeking covered damages, but do not have a duty to defend the insured against any "suit" to which the insurance does not apply. *Id*. Plaintiffs allege that pursuant to a written agreement between SNL and MT Select, at the time of the accident, MT Select was an independent contractor of SNL . ECF No. 1 at 5. For this reason, Plaintiffs allege that the exclusion contained in the "Employees of Independent Contractors Endorsement" bars coverage under the Policy. Plaintiffs therefore allege they owe no duty to defend or indemnify SNL for the Underlying Lawsuit. *Id*. Additionally, Plaintiffs claim that coverage under the Policy is limited pursuant to the various other endorsements and exclusions. *Id*.

SNL filed its motion to dismiss, asserting Plaintiffs failed to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(6). ECF No. 9. Additionally,

---

are central to the duty to defend claim and were referenced in the Complaint, ECF No. 1, the Court can consider those documents in deciding this Rule 12(b)(6) motion.

4

SNL also asks this Court to dismissal under Rule 12(b)(1), asserting that the Plaintiffs' claim for indemnity is not yet ripe. ECF No. 9 at 12.

## III.
## LEGAL STANDARD

### A. FRCP 12(b)(6) Motion to Dismiss.

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "To survive a 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must include more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted).

The court must decide whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true but is not required to assume the truth of legal conclusions. *Id*. at 678. "Motions to dismiss under rule 12(b)(6) are viewed with disfavor and are rarely

5

granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F.Supp.2d 656 (S.D. Tex. 2010). A motion to dismiss under Rule 12(b)(6) should only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

### B. FRCP 12(b)(1) Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal based on a lack of subject matter jurisdiction. The burden of proof rests with the party who asserts subject matter jurisdiction exists. *Willoughby v. United States*, 730 F.3d 476, 479 (5th Cir. 2013). When evaluating the motion, "the district court has the power to dismiss for lack of subject matter jurisdiction on any one of the three-separate basis: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (quoting *Spotts v. United States*, 613 F.3d 559, 566–67 (5th Cir. 2012)).

Ripeness is a "constitutional prerequisite to the exercise of jurisdiction." *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). "To determine if a case is ripe for adjudication, a court must evaluate (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Texas v. United States*, 497 F.3d 491, 498 (5th Cir. 2007). Regarding fitness for

6

adjudication, "[a] case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *New Orleans Pub. Servs., Inc. v. Council of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998). If a dispute is not ripe, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1). *Whitaker v. Livingston*, 597 F. App'x . 771, 774 (5th Cir. 2015).

## IV.
## LEGAL ANALYSIS

### A. SNL's Motion to Dismiss Under FRCP 12(b)(6) Should Be Granted.

SNL asserts that under the "eight-corners rule," both petitions in the Underlying Lawsuit fall within the coverage of the Policy. The Court agrees.

> ### 1. *Under Texas Law, the "Eight-Corners Rule" determines an insurer's duty to defend.*

The parties agree that Texas law applies. ECF No. 9 at 6; ECF No. 16 at 4. Under Texas law, the ordinary rules of contract interpretation govern the interpretation of insurance contracts. *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 258 (Tex. 2017). When considering whether an insurer has a duty to defend, the court examines the factual allegations in the underlying complaint and the language of the insurance policy. *Id*. This "eight-corners rule" requires the court

7

to focus on the factual allegations, not the legal theories. *Id*. Under this rule, the insurer's duty to defend is determined solely from the face of the pleadings without reference to facts outside of the pleadings. *Peerless Indem. Ins. Co. v. Phillips,* No. H-12-1145, 2013 WL 12107658, at *3 (S.D. Tex. Apr. 17, 2013) (citing *Rhodes v. Chicago Ins. Co.*, 719 F.2d 116, 119 (5th Cir. 1983)); *Scottsdale Ins. Co. v. Knox Park Const., Inc.*, 488 F.3d 680, 689 (5th Cir. 2007) ("If any allegation in the complaint is even potentially covered by the policy then the insurer has a duty to defend its insured.").

Furthermore, when the alleged cause of action is neither clearly without nor clearly within coverage, "the insurer is obligated to defend if there is, potentially, a cause under the complaint within the coverage of the policy." *Downhole Navigator, LLC v. Nautilus Ins. Co.*, No. 4:10-0695, 2011 WL 4889125, at *5 (S.D. Tex. May 9, 2011) (quoting *Rhodes*, 719 F.2d at 119). All doubt as to whether the complaint states a covered cause of action will be resolved in the insured's favor. *Id.; Zurich Am. Ins. Co.*, 268 S.W.3d 487, 491 (Tex. 2008).

### 2. *Plaintiffs have a duty to defend SNL in the Underlying Lawsuit based on the "eight corners" of the Policy.*

In this case, Plaintiffs owe a defense to SNL in the Underlying Lawsuit "if there is, potentially, a case under [the Collins'] complaint within the coverage of the policy." *Zurich Am. Ins. Co.*, 268 S.W.3d at 491.

8

First, the Court must examine the Policy to determine what is covered. The Policy was effective from Mach 8, 2019 to March 8, 2020 between Superior Nationwide Logistics, Ltd.—SNL—and Underwriters at Lloyd's, London for up to $1,000,000. *See* Policy, ECF No. 9-2 at 1–5. Under the Policy:

> Who is an Insured is amended to include as an Addition Insured the Entity named above but only with respect to liability or 'bodily injury,' 'property damage' or 'personal injury and advertising injury' caused, in whole or in part, by:
> 
> (1) Your acts or omissions; or
> 
> (2) The acts or omissions of those acting on your behalf;
> 
> in the performance of your ongoing operations for the Additional Insured as respects to your operation as a truck broker. *Id*.

Policy, ECF No. 9-2 at 4. Thus, at the time of the accident, SNL was covered under the Policy for bodily injury caused by those acting on its behalf in the performance of its truck broker operations.

Next, the Court must examine the factual allegations in the state court litigation to determine if the facts supporting the asserted claims could possibly fall within the insured policy. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 530 (5th Cir. 2004) (citing *State Farm Fire & Casualty Co. v. Wade*, 827 S.W.2d 448, 453 (Tex. App.—Corpus Christi 1992, *writ denied*). If any allegation in the complaint is even potentially covered by the policy, then the insurer has a duty to defend its insured. *Fe-Ma Enterprises v. James River Ins. Co.*, No. M-

9

08-373, 2009 WL 10693571, at *2 (S.D. Tex. Nov. 30, 2009) (citing *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991)).

In his original petition in the Underlying Lawsuit, Mr. Collins alleged that he was an employee of MT Select and was injured on SNL's property by the negligence of one of SNL's employees who unsafely loaded pipes onto the truck Collins was driving. Orig. Pet., ECF No. 9-1 at 4. He further alleged that SNL's employee was acting in the course and scope of his employment in furtherance of SNL's business. *Id.* In his amended petition, Mr. Collins alleged essentially the same facts, except that he asserted that he was an independent contractor of MT Select, not its employee. First Am. Pet., ECF No. 22 at 2. Under the theory of respondeat superior, Mr. Collins' allegations fall under the Policy, as bodily injury caused by "the acts or omissions of those acting on [SNL's] behalf." Policy, ECF No. 9-2 at 4. Applying the "eight-corners" rule, the Policy covers the claims alleged in both the original and amended petitions. *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, No. H-20-780, 2020 WL 764603, at *4 (S.D. Tex. Dec. 23, 2020) (citing *Rhodes*, 719 F.2d at 110) ("When a suit involves multiple amended complaints, the court must determine whether the duty to defend arises under any one of them.").

Plaintiffs claim that coverage is limited, either in whole or in part, pursuant to the following provisions: the Classification Limitation Endorsement; the Aircraft, Auto or Watercraft exclusion; the Employees, Leased Workers or Volunteers

Endorsement; the Limitation of Coverage to Designated Premises or Project Endorsement; and the Employer's Liability exclusion. ECF No. 1 at 5. Limiting the amount of coverage, however, does not preclude the duty to defend in an insurance case. *James River Ins. Co.*, 2009 WL 10693571, at *2. Additionally, none of these exceptions on the face of the Policy preclude the Plaintiffs' duty to defend.[7]

Accordingly, under the "eight-corner's" rule, the Plaintiffs have a duty to defend SNL in the Underlying Lawsuit.

### 3. Extrinsic evidence should not be considered in determining Plaintiffs' duty to defend.

While acknowledging the "eight-corners" rule, Plaintiffs insist they are not required to defend SNL because the *Northfield* exception allows the court to consider extrinsic evidence to interpret coverage under the Policy. ECF No. 16 at 4 (citing *Northfield*, 363 F.3d at 531). According to the Plaintiffs, the written Broker/Carrier Agreement between SNL and MT Select shows that coverage is precluded under the

---

[7] The Classification Limitation Endorsement limits coverage only to those locations and operations listed on the Declarations page, including SNL's address which is where Mr. Collins expressly alleged the incident took place. Orig. Pet., ECF No. 9-1 at 4; Policy, ECF No. 9-2 at 6. The Employees, Leased Workers, or Volunteers Endorsement excludes coverage for "any injury, loss or damage to an employee, leased worker, and casual labor or volunteer of insured" arising out of certain actions. Policy, ECF No. 9-2 at 11. There is no allegation in the Underlying Lawsuit or any reasonable inference to be drawn from the pleadings that Mr. Collins—the Plaintiff in the Underlying Lawsuit—was an employee of SNL. *See* Orig. Pet., ECF No. 9-1. The Limitations of Coverage limits coverage to bodily injury arising out of the use of the scheduled premises, which includes the site of the incident, SNL's location at 415 Moonshine Rd., Humble, Texas 77338.

11

Employees of Independent Contractors Endorsement. ECF No.1 at 5. The exclusion provides:

> The coverage under this policy does not apply to "bodily injury," "property damage," "personal injury," "advertising injury," or any injury, loss or damage sustained by any employee of an independent contractor contracted by you or on your behalf.

Policy, ECF No. 9-2 at 9.

The written agreement between SNL and MT Select purportedly provides that MT Select is an independent contractor of SNL. ECF No. 16 at 7. Because the endorsement at issue provides that employees of SNL's independent contractors are excluded from coverage under the Policy, Plaintiffs argue that this extrinsic contract between SNL and MT Select establishes that the claims are excluded from coverage and therefore they do not owe SNL a duty to defend. ECF No. 16 at 7. Plaintiffs urge the Court to consider this extrinsic evidence based on the exception created in the *Northfield* case. *Id.* at 4. Because the Collins did not allege in the Underlying Lawsuit that MT Service is the independent contractor of SNL, without the extrinsic evidence, Plaintiffs cannot establish that the claims are excluded.

Under the *Northfield* exception, the court may consider extrinsic evidence beyond the "eight-corners rule" *only when* "it is initially *impossible* to discern whether coverage is potentially implicated and when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Northfield*,

363 F.3d at 531 (emphasis added).[8] Even under *Northfield*, however, the Court must first examine the eight-corners of the policy and the underlying complaint to determine coverage. *Star-Tex. Res., LLC v. Granite State Ins. Co.*, 553 F. App'x. 336, 372 (5th Cir. 2014). If the incident alleged in the complaint could feasibly fall within the policy coverage, the inquiry ends there. *Northfield*, 363 F.3d at 531 ("[I]f the four corners of the petition allege facts stating a cause of action which potentially falls within the four corners of the policy's scope of coverage, resolving all doubt in favor of the insured, the insurer has a duty to defend."). Only if the reviewing court determines that it is impossible to decipher whether the policy coverage includes the incident alleged in the complaint will it turn to extrinsic evidence. *Star-Tex. Res., LLC*, 553 F. App'x. at 372.[9]

Here, Plaintiffs' argument fails at the first step of the analysis. SNL has shown that Mr. Collins's claims, as asserted in both the original and amended state court

---

[8] The parties do not agree on whether *Northfield* remains good law. *Compare* ECF No. 16 at 4 ("Subsequent decisions from the Fifth Circuit have noted that the Texas Supreme Court cited the *Northfield* exception with approval."), *with,* ECF No. 9 at 9 ("[S]ince 'the Texas Supreme Court has not made a clear and specific exception to the eight-corners rule, this Court cannot consider extrinsic evidence when determining whether a duty to defend exists.'" (quoting *James River Ins. Co. v. Affordable Housing of Kingsville Il, Ltd.*, No. H-11-2937, 2012 WL 1551529, at *4 (S.D. Tex. Apr. 27, 2012))). The Court need not resolve this issue since *Northfield* is inapplicable.

[9] At this point in the inquiry, the Court conducts the second step of the *Northfield*-exception analysis: whether the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case. Northfield, 363 F.3d at 531. Fundamental coverage issues have been defined to include: (1) whether the person sued has been specifically excluded by name or description from any coverage, (2) whether the property in suit is included in or has been expressly excluded from any coverage, and (3) whether the policy exists. *Id*. at 530.

13

petitions, fall within the coverage of the Policy. *See* Orig. Pet., ECF No. 9-1 at 4-5; First Am. Pet., ECF No. 22 at 2-3. Accordingly, the *Northfield* exception does not apply, and the extrinsic evidence—the Broker/Carrier Agreement—will not be considered.

Because the claims asserted in the Underlying Lawsuit fall within the Policy, Plaintiffs have a duty to defend SNL. Their claims seeking declaratory judgment that they have no duty to defend are without merit and should be dismissed.

### B. SNL's Motion to Dismiss under FRCP 12(b)(1) Should be Granted.

Plaintiffs also contend that they have no duty to indemnify SNL. Plaintiffs' claim is not ripe. *Interstate Fire and Cas. Co. v. Southern Tank Leasing, Inc.*, No. H-10-4908, 2012 WL 1231738, at *6 (S.D. Tex. Apr. 12, 2012). "Generally, Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded, unless 'the same reasons that negate the duty to defend likewise negates any possibility the insurer will ever have a duty to indemnify.'" *Northfield,* 363 F.3d at 529. Because Plaintiffs have a duty to defend SNL in the Underlying Lawsuit, which has not yet been resolved, the duty to indemnify is not justiciable at this time. This claim should be dismissed.

## V.
## CONCLUSION

The Court recommends that Defendant SNL's Motion to Dismiss, ECF No. 9, should be **GRANTED**.[10] Plaintiffs' complaint should be **DISMISSED** and SNL's counterclaim, ECF No. 8, should be **DISMISSED as MOOT**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on February 7, 2021.

_____
Dena Hanovice Palermo
United States Magistrate Judge

---

[10] The dismissal of the Plaintiffs' claims moots SNL's counterclaim for declaratory judgment that Plaintiffs owe it a duty to defend.